UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-10327-RGS

JOHN MESCHINO

v.

FRAZIER INDUSTRIAL COMPANY

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION
TO AMEND ANSWER AND FOR LEAVE TO ASSERT COUNTERCLAIMS

November 18, 2015

STEARNS, D.J.

In January of 2015, plaintiff John Meschino brought this lawsuit seeking to recover $164,651.90 in commissions for the four quarters of 2014 that he alleges were wrongfully withheld by his (now former[1]) employer, Frazier Industrial Company.[2]  In support of his claims, Meschino attached to his original Massachusetts Superior Court Complaint copies of the relevant commission statements.  After Frazier removed the case to federal district

---

[1] At the time he filed the lawsuit, Meschino was still employed by Frazier.  He was terminated in July of 2015 and has since amended the Complaint to add a retaliation claim.

[2] A recent filing by Frazier discloses that Meschino has rejected timely commission payments from Frazier totaling $114,286.56 for 2014, as well as a commission payment of $19,521.54 for the first quarter of 2015.  *See* Dkt. # 54.

court on diversity grounds in February of 2015, the commission statements became part of this court's public record.  In August of 2015, insisting that the commission statements contained confidential business information, Frazier moved to impound them.  The court allowed Frazier's motion.  When Meschino objected the sealing of the statements, the court noted that while there was no prejudice to his ability to rely on the impounded documents in prosecuting the Complaint, the public disclosure of potentially confidential information could prejudice Frazier.

Subsequently, Frazier sought to also impound the attachments to the original Superior Court Complaint.  Meschino again refused to consent.[3] Frazier contends that this refusal violates a Confidentiality and Non-Compete Agreement that Meschino executed in 2005, and by way of the motion to amend, seeks leave to level a barrage of statutory, common law, and equitable counterclaims at Meschino.  In addition to breach of the Confidentiality and Non-Compete Agreement (Counts I & II[4]), Frazier proposes to assert claims for breach of loyalty (Count III), breach of the

---

[3] The parties have not informed this court whether the Superior Court has acted on Frazier's motion.

[4] Frazier also asserts that Meschino's recent new employment with Design Storage and Handling, Inc., a competitor to Frazier, violates the non-competition aspects of the agreement.

2

implied covenant of good faith and fair dealing (Count IV), misappropriation of trade secrets (Count V), violation of the New Jersey Trade Secrets Act (Count VI), tortious interference with contractual relations (Count VII), unjust enrichment (Count VIII), violations of the Computer Fraud and Abuse Act (Count IX), and violation of the Computer Related Offenses Act (Count X).

As the court previous noted, *see* Dkt. # 59, Frazier's motion to amend raises two legal issues that may be appropriately resolved under Rule 12(b)(6). The first is whether the 2005 Confidentiality and Non-Compete Agreement is still in effect. The facts not disputed by the parties and evidenced by documents whose authenticity are not contested, *see Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2011), reflect that Meschino executed an employment agreement with Frazier in 2005. That agreement stated that "[t]he following are the terms of employment: . . . L. You will be required to endorse the 'Confidentiality and Non-Compete Agreement' enclosed." Second Am. Compl. (SAC) Ex. 1 at 1. Meschino duly executed the Agreement, which states that it "supplements the Employment Agreement dated July 25, 2005." *Id.* at 5. In 2012, Frazier offered and Meschino signed a new employment agreement. The 2012 agreement included the same preamble: "[t]he following are the terms of

3

employment," and listed nine lettered terms covering essentially the same subjects as the 2005 agreement (such as salary, commission structure, and benefits).  SAC Ex. 2.  However, the 2012 agreement made no reference to any confidentiality or non-compete covenants.

Meschino contends, and the court agrees, that the 2012 employment agreement became the operative document governing the parties' relationship when it was executed.  "The interpretation of the terms of a contract are decided by the court as a matter of law unless the meaning is both unclear and dependent on conflicting testimony."  *Celanese Ltd. v. Essex Cty. Improvement Auth.*, 404 N.J. Super. 514, 528 (App. Div. 2009)[5] (citation omitted).  Although Frazier argues that its intent was to preserve the 2005 Confidentiality and Non-Compete Agreement and that the issue of intent is a question of fact, there is no hint of such an intention in the plain language of the 2012 employment agreement that Frazier itself drafted.  The 2012 agreement states on its face that it contains "*the terms* of [Meschino's] employment" without any reservation or reference to any other document or agreement.

---

[5] Frazier contends that New Jersey law governs the interpretation of the contracts.  The outcome would be the same under Massachusetts law.

The second issue is whether Frazier has plausibly alleged facts to support the various proposed claims directed to misappropriation and misuse of Frazier's confidential information. In its reply brief in support of the motion to amend, Frazier attempts to significantly expand the scope of its claims by alleging that Meschino had taken a gigabyte worth of digital data from Frazier's internal files and produced it to Frazier in response to discovery requests. Frazier surmises that Meschino must have copied the hard drive of his work computer.

What is clear from the correspondence between the attorneys for the parties regarding this data is that Meschino was still employed by Frazier at the time he gathered it and that he did so only at Frazier's insistence. Meschino initially objected to producing the information from his Frazier work computer because it was within Frazier's control. *See* Surreply Ex. 2. Nonetheless, Frazier insisted that he produce all information that he contends supported his claims. *See* Surreply Ex. 3 ("Plaintiff's belief that requested documents are already in Defendant's possession, custody or control – even if true – is not a valid basis for objecting to the production of that information."). Meschino acquiesced and notified Frazier that he would search his Frazier work computers and produce the information requested. *See* Surreply Ex. 4 ("Mr. Meschino initially restricted the scope of his search

to not include emails or electronic calendar entries believed to be located on Frazier's email servers, and therefore in the possession, custody, and control of Frazier. Nevertheless, pursuant to your letter, and the fact that as of this date, Frazier itself has refused to produce any email or electronic calendar files in response to Mr. Meschino's First Set of Document Requests, Mr. Meschino is presently undertaking a search for relevant documents within his Frazier email and electronic calendar files, to the extent he has possession of and access to these files. Mr. Meschino will produce all non-privileged, responsive files following this search"). There is no suggestion that Meschino has used this data for any purpose other than this litigation.[6]

Likewise, there is no suggestion that Meschino has used the commission statements – which are central to his dispute with Frazier – outside of this litigation. As the court previously noted, Meschino is entitled to access the computations that determined his commissions. *See* Mass. Gen. Laws Ch. 149, § 148 (employee entitled to earnings statement); N.J. Stat. § 34:11-4.6 (employer must furnish employee with pay rate, changes to pay rate, and statement of deductions). While Meschino's refusal to consent to impound the Superior Court Complaint exhibits may have been motivated

---

[6] The parties have stipulated to a protective order in which both agreed to use information (regardless of confidentiality designation) obtained during litigation "solely in connection with this litigation." Dkt. # 25 at 3.

more by spite than principle, he was under no obligation to agree to Frazier's demand.

ORDER

For the foregoing reasons, Frazier's Motion to Amend Answer and for Leave to Assert Counterclaims is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE